IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RAMON L. COTTO-RAMOS**,<br>    Plaintiff,<br><br>        v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br>    Defendant. | CIV. NO. 21-1444 (MDM) |

## JUDGMENT

Ramón L. Cotto-Ramos ("plaintiff") sought judicial review of the denial of his application for disability insurance benefits by the Commissioner of the Social Security Administration (the "Commissioner"). Pending before the Court is plaintiff's motion requesting that the Commissioner's decision denying his disability insurance benefits be vacated and the case remanded for a new determination on his alleged disability. (Docket No. 22). In this case, the parties have consented to the entry of final judgment by a United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal being directed to the Court of Appeals for the First Circuit.

For the reasons announced on the record during oral argument, as well as those set forth below, plaintiff's motion is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

### I.   Administrative and Procedural Background

On June 1, 2017, plaintiff protectively applied for Title II social security disability benefits, alleging disability since February 25, 2011. Plaintiff's application was denied initially and then again upon reconsideration. Plaintiff subsequently requested a hearing before an

administrative law judge ("ALJ"), which was held on December 13, 2019. On the day of the hearing, the plaintiff amended his alleged onset date of disability to March 1, 2015. On May 11, 2020, the ALJ issued a decision denying plaintiff's application for disability insurance benefits, finding that he was not disabled as defined by the Social Security Act. Plaintiff appealed that decision to the Appeals Council. The Appeals Council denied his request for review, thus making the ALJ's decision the final decision of the Commissioner.

Plaintiff subsequently sought judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) by filing the above-captioned complaint. He also filed a memorandum of law in support of his allegation that the ALJ's decision was not based on substantial evidence as required by 42 U.S.C. § 405(g) and that the Commissioner erred in determining that he was not entitled to disability insurance benefits. In response, the Commissioner filed a memorandum of law requesting that the Court affirm its decision because substantial evidence supports the determination that plaintiff was not disabled within the meaning of the Social Security Act (the "Act") during the relevant period. The Court scheduled the case for oral argument. Oral argument was held on January 31, 2023.

To be entitled to disability insurance benefits, an individual must demonstrate that he has a disability that began while he was insured as defined in the Act. *See* 42 U.S.C. §§ 423(a)(1)(A), 423(c)(1).

## II.     **Standard of Review**

Judicial review of Social Security administrative determinations is authorized by 42 U.S.C. § 405(g). The court's function is limited to determining whether the Commissioner's decision is supported by substantial evidence. *Id*. "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Visiting Nurse Ass'n Gregoria Auffant,*

*Inc. v. Thompson*, 447 F.3d 68, 72 (1st Cir. 2006) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence, in turn, is evidence that "a reasonable mind . . . could accept . . . as adequate to support [a] conclusion." *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018) (quoting *Rodríguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981)). As the United States Supreme Court recently explained in *Biestek v. Berryhill*:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC v. Roswell*, 574 U.S. ——, ——, 135 S. Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid.*; *see, e.g., Perales*, 402 U.S. at 401, 91 S. Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S. Ct. 206. *See, Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).

*Biestek v. Berryhill*, 203 L. Ed. 2d 504, 139 S. Ct. 1148, 1154 (2019). Thus, even if the record could justify a different conclusion, the court must affirm the Commissioner's findings so long as they are supported by substantial evidence. *Evangelista v. Sec'y of Health and Human Servs.*, 826 F.2d 136, 144 (1st Cir. 1987) (quoting *Rodríguez Pagán v. Secr'y of Health and Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987)).

That is to say that where the court finds that there is substantial evidence supporting the Commissioner's decision, it must be upheld, even if there is also substantial evidence for the plaintiff's position. 20 C.F.R. Sec 404.1546(c). *See, Rodríguez Pagán*, 819 F.2d at 3 (courts "must affirm the [Commissioner's] resolution, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.") Absent a legal or factual error in the evaluation of a claim, moreover, the court must uphold a denial of Social Security disability benefits. *Manso-Pizarro v. Sec'y of Health and Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).

In reviewing the record for substantial evidence, courts must keep in mind that "(i)ssues of credibility and the drawing of permissible inferences from evidentiary facts are the prime responsibility of the [Commissioner]," and "the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [him], not for the doctors or for the courts." *Id.* (internal quotation marks omitted). *Purdy v. Berryhill*, 887 F.3d 7, 13 (1st Cir. 2018). As such, courts will not second-guess the Commissioner's resolution of conflicting evidence. *See, Irlanda Ortíz v. Sec'y of Health and Human Serv.*, 955 F.2d 765, 769 (1st Cir. 1991). After reviewing the pleadings and record transcript, the court has the power to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner." 42 U.S.C. § 405(g).

### III.   The Decision

In this case, plaintiff challenges the ALJ's decision mainly by advancing three claims of error. First, the plaintiff complains that the ALJ did not properly assess his physical conditions, more specifically, his asthma. Second, the plaintiff takes issue with the ALJ's assessment of his mental limitations. And third, the plaintiff claims that the ALJ erred in resolving contradictory vocational expert testimony. Ultimately, the Court must decide whether substantial evidence supports the ALJ's decision that plaintiff was

not disabled within the meaning of the Act during the relevant period.

After careful consideration of the pleadings, the record transcript, the applicable law, and having heard from the parties during oral argument, for the reasons announced by the Court on the record, the Court makes the following findings.

Beginning with the first claim of error, the plaintiff argues that the ALJ failed to appropriately consider some of his physical conditions and exertional limitations. This argument is twofold. First, plaintiff argues that the ALJ's finding at Step Two of the sequential evaluation is erroneous because the ALJ did not properly consider evidence regarding his hip disorder, eye disorder, headaches, hiatal hernia, or asthma. During oral argument, however, plaintiff's attack on the ALJ's findings at Step Two solely focused on the argument that his asthma diagnosis was not sufficiently considered by the ALJ. In addition to that argument, it appears that the plaintiff also challenges the ALJ's residual functional capacity ("RFC") determination by claiming that it was not inclusive of all the physical limitations that he allegedly had, and more specifically, in terms of his asthma. In sum, plaintiff chiefly argues that pulmonary limitations should have been included as a listed impairment at Step Two or should have been made part of the plaintiff's RFC. Plaintiff's arguments are unavailing.

On this record, the Court finds that there is sufficient evidence to establish that the ALJ clearly considered, and properly weighed, plaintiff's physical conditions at Step Two while making the RFC determination, and in the overall decision. At Step Two, a claimant must produce evidence that he has a medically determinable physical or mental impairment(s), which must significantly limit his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 404.1522. While the plaintiff is correct that the ALJ did not explicitly decide whether his asthma was a severe or non-severe impairment, the ALJ still sufficiently considered his physical conditions

(including asthma) in her analysis, and plaintiff has not established that he was harmed by the lack of further articulation on his asthma condition. *See Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."). Ultimately, the plaintiff failed to show how not labeling his asthma as either a severe or non-severe impairment ultimately taints the ALJ's decision. *See Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000) (holding that "[r]emand is not essential if it will amount to no more than an empty exercise").

Additionally, it is clear from the ALJ's decision that she considered the plaintiff's asthma throughout the sequential evaluation. To be sure, the ALJ expressly mentioned in her decision that she considered plaintiff's asthma and went as far as including pulmonary limitations in one of the hypotheticals posed to the Vocational Expert ("VE") at Step Five during the hearing. Here, the Court finds that plaintiff has not met his burden of proving that any of the physical conditions that he complains about, mainly his asthma, significantly limit his ability to work or would have required further limitations. With respect to asthma specifically, plaintiff's evidence, to a great extent, is comprised of his asthma diagnosis and his subjective symptoms. Yet, there is substantial medical evidence of record showing normal examination findings, showing that his longs were clear, and that he suffered from no significant respiratory issues. Although the ALJ considered plaintiff's symptoms, it is well-known that a diagnosis and treatment alone, as well as a claimant's subjective complaints, are insufficient to establish that a condition is severe. *See e.g., Mateo Rivera v. Comm'r of Soc. Sec.*, No. 19- 1301 (MEL), 2020 WL 7786920, at *6 (D.P.R. Dec. 30, 2020) (finding that evidence regarding diagnoses and treatment for plaintiff's conditions was insufficient alone to establish severity).

In sum, substantial evidence supports the ALJ's evaluation of plaintiff's physical limitations, including his asthma, at Step Two, in the RFC determination, and in the overall decision.

Turning now to the <u>second claim of error</u>, plaintiff maintains that the ALJ did not adequately consider his mental impairments and did not correctly assess the effects that such conditions have on his RFC and on his ultimate ability to perform work. The plaintiff broadly maintains, without specifically pointing to any evidence, that his mental limitations *should be* more than "moderate" based on his medications, the substantial therapy he undergoes (group and individual therapy in the veteran's hospital) and based on his own symptoms. Notwithstanding, plaintiff does little to advance his argument other than argue in a conclusory manner that he has greater mental limitations than those ultimately imposed by the ALJ. Here, plaintiff has not met his burden of establishing that he required further restriction in terms of his ability to perform work-related activities.[1] The Court finds no error in the ALJ's assessment of plaintiff's RFC or his mental limitations.

In the present case, the ALJ appropriately weighed all the medical and non-medical evidence of record and adequately considered plaintiff's mental conditions and the symptoms that he suffers because of such conditions. The ALJ properly evaluated all opinion and other record evidence, considered plaintiff's reported symptoms, and in view of such considerations, assessed an RFC that is supported by substantial evidence. In support of the RFC, the ALJ also gave "some" persuasive value to multiple opinions and medical findings, such as those from State Agency psychologists Drs. Maldonado and Nieves, consultative psychologist Angelica Rodríguez Nieves, physiatrist

---

[1] Plaintiff did not satisfy his burden of demonstrating that his condition resulted in greater limitations than those included in the RFC determination. 42 U.S.C. § 405(g) ("An individual shall not be considered to be under a disability unless [he] furnishes such medical and other evidence of the existence thereof as the [ALJ] may require."); *see Gordlis v. Sec'y of Health and Human Servs.*, 921 F.2d 327, 328-29 (1st Cir. 1990)).

Tamara Arroyo-Cordero, and U.S. Department of Veteran Affairs ("VA") doctors José E. Asecio-Negrón and Edwin Alicea Colón. As argued by the Commissioner, these opinions, to the extent credited by the ALJ, support the RFC finding.

Furthermore, in making the RFC determination, the ALJ recognized that plaintiff suffered from multiple mental conditions, including post-traumatic stress disorder, required treatment, and at times displayed mental status deficits, and as such, incorporated related social limitations into plaintiff's RFC, such as, precluding plaintiff from public interaction. Notwithstanding those limitations, the ALJ reasonably concluded, based on the overall record, that plaintiff's social difficulties did not preclude all work. Specifically, the ALJ properly evaluated plaintiff's subjective complaints in accordance with the regulatory framework and reasonably found that a finding of complete and total disability was not consistent with the overall evidence of record. Again, Plaintiff may disagree with the ALJ's determination, but it is the ALJ's responsibility, not that of the reviewing Court, to evaluate a claimant's allegations regarding his symptoms and to draw inferences from the record evidence. *See Irlanda Ortiz*, 955 F.2d at 769.

In the same vein, an ALJ is free to "piece together the relevant medical facts from the findings and opinions of multiple physicians." *Evangelista*, 826 F.2d at 144 ("the notion that there must always be some super-evaluator, a single physician who gives the factfinder an overview of the entire case—is unsupported by the statutory scheme, or by the caselaw, or by common sense, for that matter"); *see also Purdy v. Berryhill*, 887 F.3d 7, 14 (1st Cir. 2018) ("An applicant's residual functional capacity is, after all, an administrative finding reserved to the Commissioner."). Here, the ALJ properly assessed plaintiff's RFC based on her consideration of all relevant evidence of record (medical and non-medical), including plaintiff's objective evidence and the

opinions and medical findings of record. *See* 20 C.F.R. § 404.1545(a); *Purdy*, 887 F.3d at 14.

Plaintiff's claim of error strikes the Court as a mere disagreement with the ALJ's interpretation of the evidence considered. In sum, while plaintiff would have preferred the ALJ to find further mental limitations, weighing the evidence is the ALJ's prerogative, not the Court's, and, on this record, the Court finds that the ALJ appropriately considered the overall evidence of record in his analysis of plaintiff's mental conditions and in determining the plaintiff's RFC. As such, the Court must adhere to the deferential standard long established by the courts in reviewing the Commissioner's administrative determinations. *See Evangelista*, 826 F.2d at 144 (the court must affirm the Commissioner's findings when they are supported by substantial evidence); *see also* 42 U.S.C. § 405(g). Moreover, as the Supreme Court recently reaffirmed, "under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations . . . And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). To conclude, the ALJ's RFC determination is free from legal error and supported by substantial evidence.

Now, moving on to plaintiff's <u>third and final claim of error</u>, he contends that the ALJ erred in resolving contradictory VE testimony at Step Five of the sequential evaluation. During the hearing held on December 13, 2019, Dr. Pedro M. Román testified as an impartial VE. On February 21, 2020, the ALJ sent a Request for Vocational Interrogatory to Gail Franklin, requesting her professional opinion in connection with this case. As such, VE Franklin submitted vocational interrogatories, which identified multiple jobs that plaintiff could perform in the national economy given his RFC and vocational characteristics. Specifically, VE Franklin concluded that plaintiff could

perform work as a housekeeper, small products assembler, and mailroom clerk. Of note is the fact that during the hearing, VE Román had previously testified that plaintiff could work as a mailroom clerk, which VE Franklin also concluded.

The plaintiff challenges the ALJ's Step Five determination by claiming that the ALJ hints that the three jobs identified by VE Franklin were direct recommendations from VE Román during the hearing, when in reality the only one of the three jobs that was recommended by VE Román was mailroom clerk. The plaintiff points to another difference between the two VE's opinions. More specifically, VE Román stated that a general employer would permit seven (7) absences from work in a working year, while VE Franklin indicated that a general employer would permit twelve (12) absences in a working year. Plaintiff unavailingly argues that remand is required because the ALJ relied on VE Franklin's interrogatories despite the record containing conflicting VE evidence (from VE Román).

The alleged contradictions between the two opinions from the VE's, *ipso facto*, do not amount to a reversible error. Simply because the record contained conflicting vocational evidence does not mean the ALJ unreasonably relied on VE Franklin's interrogatories. In *Biestek*, for example, the Supreme Court rejected the premise of categorical rules that bar the admission of VE evidence. 139 S. Ct. at 1150 ("Ultimately, *Biestek*'s error lies in his pressing for a categorical rule."). Although, as plaintiff correctly points out, the two VE opinions are not one in the same, the ALJ reasonably relied on VE Franklin's interrogatories at Step Five to find that work existed in significant numbers in the national economy that plaintiff could perform.

The Court highlights the Commissioner's argument that plaintiff did not avail himself of his opportunity to object to, or critique, VE Franklin's interrogatories after proffer. *See Vargas González v. Saul* (D.P.R. July 8, 2021), 2021 WL 2887776, at *8 (rejecting a claimant's challenge to the

reliability of VE testimony where "[p]laintiff had ample opportunity to question the VE about the accuracy and source of her data" and "elected not do so"); *Ronald A. v. Saul*, No. 20-CV-00210-JDL, 2021 WL 2525575, at *4 (D. Me. June 20, 2021), report and recommendation adopted, No. 20-CV-00210-JDL, 2021 WL 3180112 (D. Me. July 27, 2021) (declining to remand over a claimant's challenge to VE testimony because "the plaintiff's counsel presumably was as familiar with the record as the ALJ" but "did not call this issue to the ALJ's attention or explore it with the VE at hearing").

Accordingly, given plaintiff's complete lack of objection to, or critique of, VE Franklin's opinion, and because her qualifications were soundly established by her résumé, and not questioned by the plaintiff, the ALJ reasonably relied on her interrogatories despite the existence of VE Román's prior testimony. *See Vargas González*, 2021 WL 2887776, at *8 n.7 ("On a cold and undeveloped record from the hearing level, where this matter was not raised, the Court cannot find that the VE's sources and conclusions do not meet the substantial evidence threshold.") Here, plaintiff failed to show that the ALJ committed a legal error by relying on VE Franklin's interrogatories. *See Biestek*, 139 S. Ct. at 1150. Lastly, the Court adds that at Step Five, the Commissioner "has the burden of proving the existence of other jobs in the national economy that the claimant can perform." *Ortíz v. Sec'y of Health & Hum. Servs.*, 890 F.2d 520, 524 (1st Cir. 1989). Here, the ALJ met this burden by identifying three jobs that plaintiff could perform after relying on credible VE testimony. *See* 20 C.F.R. § 404.1566(e).

In sum, Plaintiff's assertion that the ALJ erred at Step Five is meritless. The ALJ sufficiently met her Step Five burden of providing vocational evidence (by properly relying on VE Franklin's opinion) which established that jobs existed in significant numbers in the national economy that plaintiff could perform. *See Ortíz*, 890 F.2d at 524.

In conclusion, the Court finds that the Commissioner properly evaluated and considered the entire record of this case and finds that its decision is free from legal error and supported by substantial evidence. The Commissioner's decision is therefore **AFFIRMED**. *See Irlanda Ortíz*, 955 F.2d at 769 (holding that a court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence as a whole, could accept it as adequate to support his conclusion.") (quoting *Rodríguez*, 647 F.2d at 222.)

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this **2nd** day of February 2023.

_____
MARSHAL D. MORGAN
United States Magistrate Judge